## Pagnacco, Appellant, v. Faber.

*Mechanics' liens—Waiver of right to file lien—Change of ownership— Change of contract.*

Where a contractor under a written contract waives his right to file a mechanic's lien, but subsequently after a change of ownership of the building makes with the new owner an oral contract to finish the building, without any waiver of the right to file liens, the contractor as against the new owner, has the right to enforce a lien, although a trust company which was not a party to the proceedings had insured the completion of the building, relying upon the waiver in the original contract.  In such a case the court has no jurisdiction to enforce the equity of the trust company unless the company itself intervenes as a party in the proceedings under the mechanic's lien.

Argued March 31, 1908.   Appeal, No. 102, Jan. T., 1908, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1906, No. 5,063, M. L. D., for defendant non obstante veredicto in case of Joseph Pagnacco v. Frederick F. Faber, owner and contractor, and J. William Smith, reputed owner.   Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Scire facias sur mechanic's lien.  Before KINSEY, J.

The facts appear by the opinion of the Supreme Court.

At the trial the jury returned a verdict for plaintiff for $5,145.85.   The court subsequently entered judgment for defendant non obstante veredicto.

*G. Von Phul Jones*, for appellant.—Only the Land Title Company could raise the question of estoppel, and they are not parties to this procedure : Miles v. Miles, 8 W. & S. 135; Ream v. Harnish, 45 Pa. 376 ; Megargel v. Megargel, 105 Pa. 475.

The Land Title Company, even if a party, could not have successfully raised an estoppel: Hill v. Epley, 31 Pa. 331; Cuttle v. Brockway, 32 Pa. 45; Rhawn v. Furnace Co., 201 Pa. 637.

Plaintiff had no knowledge that he was misleading the Land Title Company.

The only question properly raised by the pleadings and the evidence was decided in favor of plaintiff by the court below.

*Joseph A. Slattery,* with him *Geiger, Brooks & Faries,* for appellees.—Plaintiff is equitably estopped, by his conduct, from maintaining a lien.

The contract with Faber could not waive the provision against the maintenance of liens in the contract with Nyce.

Faber made no new contract with Pagnacco.

OPINION BY MR. JUSTICE STEWART, May 11, 1908:

This was an action by scire facias sur mechanic's lien against Frederick F. Faber, owner and contractor, and another as reputed owner. Faber defended as owner. The one issue of fact was whether Pagnacco, the claimant, had waived his right to file a lien. The original contract was with one Nyce, then the owner; and by that contract Pagnacco covenanted to complete the foundation, stone work, cellar walls, face stone work, rubble range work, porch floors and excavation and grounding required, for and in the erection and construction of the buildings, and expressly waived the right to file any lien therefor. Nyce becoming financially embarrassed after the work had progressed, was unable to complete the building operation. He withdrew therefrom and assigned his interest to Faber. At this time Pagnacco had furnished work and materials to the amount of $11,557.98, and had received in cash $7,931. Claiming that he had not received all that he was entitled to in cash, he declined to proceed further with the work. He testified that Nyce had told him of his assignment to Faber, and that he (Nyce) had nothing more to do with the operation. He further testified that he did not agree to resume work until after Faber told him that he (Faber) had become the owner, and that he would pay him. Plaintiff's contention was that the work that was done there-

after, was completed, not under the original contract with Nyce, but under a new and wholly distinct contract with Faber, the new owner, in which there was no waiver of the right to file a lien ; and this was the one question of fact submitted to the jury. The agreement with Faber was entirely oral. The jury found that the original contract with Nyce had been superseded by the contract with Faber, and that under the latter there was no waiver of the right to file a lien. A verdict was rendered for the plaintiff. Subsequently, the court entered judgment for the defendant non obstante veredicto, on the ground that inasmuch as the plaintiff under the contract with Nyce had waived his right to file a lien, and had given bond to Nyce to protect him against all such liens, which bond Nyce had assigned to the Land Title · & Trust Company, on the strength of which the latter had incurred obligations prior to the purchase by Faber, the plaintiff was equitably estopped from setting up such right to file a lien, notwithstanding his contract with Faber. Whatever may be the equities of the Land Title & Trust Company, there was nothing in the case that called for their protection, or even consideration, here. The evidence shows that before the contract with Faber, for the benefit of certain mortgagees who were advancing money for the enter‑ prise, the Land Title & Trust Company had insured the completion of the building operation ; and it is insisted that it did this relying upon the waiver of the right to file a lien in the contract with Nyce. But the evidence which shows this was admitted only that it might throw light upon the one question, as to whether or not a subsequent contract was entered into between the plaintiff and Faber, in which there was no stipulation for a waiver. In referring to this evidence the trial judge in his charge says : " All these matters have been introduced here as testimony from which you may find, if you can, anything corroborative or contrary as you view it on one side of this case or the other." The Land Title & Trust Company was not a party to this action; and its interests were not in the keeping of this defendant who was defending the action as owner. The company had the right, under the twenty-fourth section of the act of 1901, to intervene and assert its equities, if it chose to do so ; but these could only be

asserted by itself, and not by another.    It by no means follows that because plaintiff might be estopped from enforcing his lien to the prejudice of the trust company, he is estopped from enforcing it against the owner.    The estoppel could extend no further than to protect the trust company from loss.    The action of the court in entering judgment non obstante veredicto cannot be justified.    In reversing the judgment we do so without prejudice to the right of the trust company to proceed in whatever way may be open to it to protect such equities as it may have, if any.

Judgment reversed and judgment directed on the verdict.