# Pennock, Appellant, *v.* Locust Realty Company.

*Mechanic's lien—Waiver of liens—Conveyance of property—Contract.*

A subcontractor who agrees to furnish material and labor to a building under construction after a conveyance by the original owner to a new purchaser, is bound by the contract between the original owner and the contractor filed of record and containing a waiver of liens.

Argued March 24, 1909. Appeal, No. 51, Jan. T., 1909, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1908, No. 1,313, M. L. D., discharging rule for judgment for want of a sufficient affidavit of defense in case of Edmund M. Pennock, trading as J. Sellers Pennock, v. Locust Realty Company, Owner or Reputed Owner, and Moore & Company, Incorporated, Contractor. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Scire facias sur mechanic's lien. Before MAGILL, J.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Supreme Court states the case.

*Error assigned* was the order of the court.

*Chas. Francis Gummey*, for appellant, cited: Erie City v.

Butler, 120 Pa. 374; Pagnacco v. Faber, 221 Pa. 326; Wyss-
Thalman v. Beaver Valley Brewing Co., 216 Pa. 435.

*Preston K. Erdman,* with him *Charles L. Lockwood,* for ap-
pellee, cited: Bohem v. Seabury, 141 Pa. 594; Long v. Black,
5 Pa. C. C. Rep. 258; Mears v. Dickerson, 2 Phila. 19; Blaisdell
v. Dean, 9 Pa. Superior Ct. 639; Phelps v. Burns, 16 Pa. Su-
perior Ct. 391; Jones v. Shawhan. 4 W. & S. 257.

OPINION BY MR. JUSTICE ELKIN, April 12, 1909:

An interesting question of practice has been suggested by
the learned counsel for appellee in this case, but it is unneces-
sary to rest our decision on this ground because we cannot ac-
cept as sound the position of appellant on the real question
involved in this controversy.  The question here arises under
the mechanic's lien Act of June 4, 1901, P. L. 431.  It is
whether a subcontractor whose agreement to furnish ma-
terials and labor made after a conveyance to a new purchaser,
is bound by the contract between the original owner and the
contractor, filed of record and containing a waiver of liens.
The owner at the time the building contract was entered into,
in order to protect himself against liens, caused to be inserted
therein a waiver clause and then filed this agreement in writ-
ing of record.  Subsequently and while the building was being
constructed, the owner conveyed the property to the appellee,
the present owner.  The contention of appellant is that under
these circumstances appellee cannot claim the protection of
the waiver clause in the building contract.  Two of our recent
cases are relied on to sustain this position.  They are Wyss-
Thalman v. Beaver Valley Brewing Company, 216 Pa. 435,
and Pagnacco v. Faber, 221 Pa. 326.  This court did not in-
tend to announce any such doctrine in these cases, nor is any-
thing said in those opinions reasonably susceptible of the
meaning now attempted to be taken from what was there
written.  These cases recognized the right of the contracting
parties, or of subsequent parties standing in the place of the
original parties, to make a new contract binding upon them,
containing a covenant not to file a lien, or by failing to provide

for a waiver of liens in the new contract to have waived the protection of the original contract which was superseded by the new agreement.   In other words, that if either the original or subsequent contracting parties thought proper to enter into a new contract containing new terms and provisions it was within their rights so to do, and if such a contract were made the parties would be bound by its terms.   No new princi-. ple was announced, and the law was neither modified nor changed by anything decided or discussed in these cases. They turned upon their facts and were properly decided.   In the case at bar there was no new contract.   The building was erected from beginning to completion under the original con-tract.   The rights and duties of the parties were fixed by that contract.   The materials and labor were furnished under that contract.   The notice as to the waiver of liens filed of record bound everyone who furnished materials or labor under that contract.   The mere fact that the original owner, holder of the legal or equitable title, afterwards conveyed to either the real owner, or a new purchaser, in no way affected the terms and conditions of the building contract, which remained unchanged throughout the whole period of construction.   It therefore follows that no new contract was entered into in the present case and all the terms and conditions of the old contract are in force and effect.

Order of the court below discharging rule for judgment for want of a sufficient affidavit of defense affirmed at the cost of appellant.