# Felin, Appellant, *v.* Locust Realty Company, Incorporated.

*Mechanic's lien—Stipulation against liens—Change of ownership during construction—Subcontractor.*

A subcontractor on a building operation is bound by a stipulation against liens contained in the original contract between the owner and the contractor, and he is not relieved by the fact that the property was conveyed to another party during the construction of the building, and before the contract between himself and the contractor was made; nor is he relieved by the fact that the plans and specifications submitted to him showed the name of the new owner, inasmuch as the

contract was indexed in the prothonotary's office in the name of the contractor with whom he dealt.

Argued March 27, 1911. Appeal, No. 374, Jan. T., 1911, by plaintiffs, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1908, No. 83, M. L. D., on verdict for defendants in case of Charles F. Felin et al., trading as Charles F. Felin & Company, v. Locust Realty Company, Incorporated, Owner, etc., Moore & Company, Incorporated, Contractor, and Howard W. Page, Trustee in Bankruptcy of Moore & Company, Incorporated. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Scire facias sur mechanic's lien.   Before BRÉGY, P. J.
The facts are stated in the opinion of the Supreme Court.

The court gave binding instructions for defendants.

Verdict and judgment for defendants.   Plaintiffs appealed.

*Error assigned* was in giving binding instructions for defendants.

*Wayne P. Rambo*, with him *Ormond Rambo*, for appellants.—Where there is a new contract after a change of ownership as to the finishing of a building even where there is waiver in a contract with a former owner, there is a right to lien: Pagnacco v. Faber, 224 Pa. 18; s. c., 221 Pa. 326.

Appellants might well have supposed that the Locust Realty Company was a vendee under articles of agreement.   In such case the vendor could not have been liened for the vendee's improvement under sec. 4 of the Act of June 4, 1901, P. L. 431: Meile v. McCueam, 18 Pa. Dist. Rep. 675; Panner v. Staub, 18 Pa. Dist. Rep. 676.

*Preston K. Erdman*, with him *Charles L. Lockwood*, for appellee, Locust Realty Company.—This case is ruled by Pennock v. Locust Realty Co., 224 Pa. 437.

*D. Howard Evans,* with him *Henry P. Brown,* for Moore & Company, appellee.

OPINION BY MR. JUSTICE POTTER, May 23, 1911:

In this action, which was a scire facias upon mechanic's lien, the only defense set up was the fact that the contractor, Moore & Company, a corporation, by its agreement duly executed and filed in the office of the prothonotary, had stipulated that no lien should be filed against the contemplated building, either by itself or by any subcontractor.   Jonker D. Lit was the original owner of the ground, and it was with him, upon August 8, 1907, that Moore & Company entered into a written contract for the construction of the building.   Subsequently the Locust Realty Company was incorporated, and by deed dated October 8, 1907, Lit conveyed the premises on which the building in question was in course of construction, to the Locust Realty Company, and at the same time assigned to the realty company his interest in the contract with Moore & Company.   The contract between the plaintiffs in this case and Moore & Company was made January 2, 1908, and the first materials were delivered by them on January 16.   Upon the trial plaintiffs contended that they were not bound by the stipulation against liens in the contract between Lit and Moore & Company, but that there was a later verbal contract between the latter and the Locust Realty Company under which materials were furnished by them.   The trial judge held that the plaintiffs were not entitled to recover, and directed a verdict for defendants.   He gave no reason for his conclusion and filed no opinion.   In Pennock v. Realty Company, 224 Pa. 437, the validity of a mechanic's lien filed by another subcontractor in the same operation as that which is here in question, was involved.   It was there held that the subcontractor was bound by the stipulation against the liens contained in the original contract, and that he was not relieved by the fact that the property had been conveyed to another party during the construction of

the building and before the contract with the subcontractor was made.    Our Brother ELKIN, speaking for the court, there said: "In the case at bar there was no new contract. The building was erected from the beginning to completion under the original contract.    The rights and duties of the parties were fixed by that contract.    The materials and labor were furnished under that contract.    The notice as to the waiver of liens filed of record bound every one who furnished materials or labor under that contract."

In the present case, unless there was evidence of a new contract sufficient to be submitted to the jury, the trial judge was right in giving binding instructions for the defendants.    It is not suggested that there was a new express contract; but it is argued that one may be inferred from the circumstances.    We can see nothing in the evidence in this case to distinguish it upon its facts from the principle upon which the decision in Pennock v. Realty Company, supra, was based.    It appears from the undisputed evidence that the building was completed in accordance with the terms, and for the price agreed upon, in the original contract with Lit.    Counsel for appellants urge that in the plans and specifications submitted to them, the buildings were described as the property of the Locust Realty Company, and it is suggested that if the plaintiff had examined the mechanic's lien docket, they would have found no contract with that company on file or indexed in its name.    But in sec. 18 of the Act of June 4, 1901, P. L. 431, it is provided that "The prothonotary shall enter it (the contract) in the judgment index in the name of the contractor," in order to bind subcontractors.    Appellants, as subcontractors, made their contract with Moore & Company, the original contractor, and were bound to search against it.    If they had done so, they would have found the contract for the erection of the building upon which they were asked to estimate; and, further, that it contained the stipulation that no liens should be filed against the property.

It becomes unnecessary to consider the question of the

constitutionality of the statute, which was raised by counsel for the defendants. From the discussions in the opinions of this court in Vulcanite Portland Cement Co. v. Allison, 220 Pa. 382, and in Taylor Lumber Co. v. Carnegie Institute, 225 Pa. 486, it appears in substance that the mechanic's lien act of June 4, 1901, in so far as it is not clearly divergent from, and an advance upon, the old law, is valid and must be sustained. It cannot be fairly contended in the present case that the lien under consideration falls under any of the provisions of the statute which change or add to the mechanic's lien law, as it was prior to 1901. The assignments of error are overruled, and the judgment is affirmed.