# Reliance Manufacturing Company v. McCurdy, Appellant (No. 1).

*Mechanic's lien—Averments as to ownership—Affidavit of defense— Waiver of liens—Change of ownership.*

1. On a scire facias sur mechanic's lien where it appears that the building contract duly recorded, contained a waiver of liens, and the claim as filed averred that the registered owner, who had taken title after the date of the contract, had permitted and authorized the contractor to act and contract with the claimant as though owner, an affidavit of defense is sufficient, which specifically denies the averment of the claim, and also denies that the contractor in making the sub-

contract with the claimant, had acted as the agent of or on behalf of the registered owner.

2. A subcontractor who agrees to furnish material and labor to a building under construction after a conveyance by the original owner to a new purchaser, is bound by the contract between the original owner and the contractor, filed of record and containing a waiver of liens; and it is immaterial that the contract itself was not assigned by the old owner to the new owner, if it appears that the whole construction was done under the original contract.

Argued Oct. 5, 1911. Appeals, Nos. 31 and 32, Oct. T., 1911, by defendants, from orders of C. P. No. 1, Phila. Co., Sept. T., 1910, Nos. 988 and 989, M. L. D. making absolute rule for judgment for want of a sufficient affidavit of defense in case of Reliance Manufacturing Company v. Peter McCurdy, Owner and Contractor, and Emma B. McCurdy, Present Registered Owner. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Rules for judgments for want of sufficient affidavits of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was orders making۱ absolute rules for judgments.

*John K. Loughlin,* for appellants.—The affidavit of defense denies the truth of the plaintiff's averments, upon which his right to file a lien is based: Bohem v. Seabury, 141 Pa. 594; Long v. Black, 5 Pa. C. C. Rep. 258.

The subcontractor is chargeable with notice of all the terms and stipulations of the contract between the original contractor and the owner: Schroeder v. Galland, 134 Pa. 277; Bevan v. Thackara, 143 Pa. 182; Miller v. Fitz, 41 Pa. Superior Ct. 582; Long v. Black, 5 Pa. C. C. Rep. 258.

The affidavit of defense sets up a complete statutory estoppel to claimant's right to file a lien. The contract

filed complies with the act of 1901, and bars the plaintiff's right to file a lien: Glassport Lumber Co. v. Wolf, 213 Pa. 407; Pennock v. Locust Realty Co., 224 Pa. 437.

The contract was made in good faith and not for the purpose of defrauding subcontractors: Westmoreland Guarantee Building & Loan Assn. v. Connor, 216 Pa. 543.

The affidavit of defense shows the lien filed to be fatally defective on its face: Bametzrieder v. Canevin, 44 Pa. Superior Ct. 18; Rosenblatt v. Weiman, 230 Pa. 536.

*Walter Biddle Saul,* for appellee.

OPINION BY MORRISON, J., December 11, 1911:

To the sci. fa. sur mechanic's lien in this case, the defendant, Emma B. McCurdy, for herself and the other defendants, filed an affidavit of defense and later a supplemental affidavit. These affidavits are not inconsistent or contradictory and together they constitute the affidavit of defense and hereafter we will refer to them as such.

Notwithstanding the affidavit of defense the learned court below on rules for judgment made the same absolute and granted judgments against the defendants. The paper-books appear to present two appeals from judgments in favor of the plaintiff and against the same defendants, to wit: one at No. 31, October Term, 1911, and the other at No. 32, October Term, 1911. This opinion will be filed in No. 31, but as no difference is discovered between the two cases, except that they are against two several houses and lots, this opinion is intended to rule both cases.

The very brief reasons given by the learned court below for granting the judgments are not convincing to us. They are as follows: "We make this because the case differs from the Locust Realty case in two respects: There the building had commenced before the transfer of title; here it did not. In that case the contract was against the new purchaser; here it was not. These facts in our opinion distinguish this case from the one alluded to."

From the affidavit of defense (which for present purposes must be assumed to state the truth) we learn that on May 1, 1909, Charles S. Baker was the owner of certain lots of land in Philadelphia, and on that date he entered into a written contract with Peter McCurdy as contractor for the erection of two houses, one on each lot of land. This contract provided that the contractor should do all the work and furnish all the material required for the erection and completion of said houses. A copy of the contract was attached to the affidavit of defense and made part of it and marked exhibit "A." Among other provisions it contained the following: "V. That all materials delivered on said premises shall forthwith become the absolute property of said owner, and shall not be removed without his consent. VI. That the said contractor shall not sublet this contract, nor assign the same, without the written consent of the owner. VII. That the said contractor shall not present claims for additional work, extras, or alterations, except for such as shall have been ordered and approved in writing by the said owner. VIII. That the said contractor, for himself and his subcontractors and workmen, further agrees that no lien shall be filed against said houses and lots appurtenant thereto, or any of them, by, for, or on account of the said contractor or his subcontractors or workmen, for work done or materials furnished by reason of this contract in and about the erection and construction of the said houses, and that any and all rights to file any lien against the owner or against the said properties, are hereby expressly waived by the said contractor both for himself and his subcontractors and workmen."

This contract was duly filed in the prothonotary's office of Philadelphia before the commencement of the work. On May 3, 1909, said Charles S. Baker conveyed said lots of land to Emma B. McCurdy, one of the appellants. The contract was not assigned to her but the conveyance of the lots to her was absolute and no reservation was made by Baker as to said contract. The said

Peter McCurdy proceeded and erected and constructed said houses under said contract and on November 1, 1909, he verbally contracted with the appellee to furnish certain gas fixtures for use in said houses and the appellee claiming to have furnished the same subsequently filed the mechanics' liens in question against said houses and lots.

The learned counsel for the appellee seems to rely mainly upon two grounds, one of which is set forth in the lien: (a) "The said Emma B. McCurdy, the registered owner of the described premises permitting and authorizing the said Peter McCurdy to act and contract as though he were the owner." (b) That the contract between Baker and Peter McCurdy was not assigned to Emma B. Mc-Curdy. It cannot be contended that as between Baker and Peter McCurdy the contract was not sufficient to bar the filing of any mechanic's lien for work done or materials furnished for the erection and construction of said houses. The affidavit of defense specifically avers that all work and labor done and materials furnished were furnished under and by virtue of the written contract entered into betweeen Charles S. Baker, then owner, and Peter McCurdy, contractor, on May 1, 1909, duly filed in the prothonotary's office as provided by the statute. The affidavit further avers that said contract was in accordance with the plans and specifications approved by the said Charles S. Baker and Peter McCurdy at the time of the execution of said contract. The affidavit denies that Charles S. Baker entered into said contract as trustee or on her behalf, or as trustee or on behalf of the said Peter McCurdy, or that at that time she had any interest in said property, and denies that the said Peter McCurdy was acting for her, the said Emma B. McCurdy or on her behalf. The affidavit further avers that from May 3, 1909, the said Emma B. McCurdy was the real and registered owner of the property in question. The affidavit denies that at any time the said claimant entered into any contract with her for the furnishing of labor or materials

toward the completion of said houses and denies that the said Peter McCurdy in making any such contract acted as her agent or on her behalf.

Upon the facts as they appear from the pleadings and the affidavit of defense it must be assumed that Peter McCurdy erected and constructed the said houses under and in pursuance of his contract with Baker. This being so, it is impossible to see why the property was not, by said contract, fully protected from mechanics' liens. Moreover, it is clear that Peter McCurdy was the contractor and appellee's contract with him for the gas fixtures was necessarily that of a subcontractor.

As to the position of the learned counsel for appellee that his liens are good because of Emma B. McCurdy, the registered owner of the described premises, permitting and authorizing the said Peter McCurdy to act and contract as though he were the owner, we have simply to say that the affidavit of defense so completely denies and negatives all of the facts necessary to support the lien on that ground that it became a question of fact for a jury and, therefore, on that ground alone the judgments must be reversed and the cases sent to a jury.

As to the other position that the contract was not assigned to Emma B. McCurdy we consider it wholly immaterial. The property was conveyed absolutely to her and whether the contract was assigned or not it clearly appears from the affidavit of defense that the houses were erected and constructed under and in pursuance of said contract, and, therefore, on the averred facts it protected the premises from mechanics' liens. We consider the late case of Pennock v. Locust Realty Co., 224 Pa. 437, as substantially ruling the present case. In that case Mr. Justice ELKIN, speaking for the Supreme Court, said:

"In the case at bar there was no new contract. The building was erected from beginning to completion under the original contract. The rights and duties of the parties were fixed by that contract. The materials and labor were furnished under that contract. The notice as to the

waiver of liens filed of record bound everyone who furnished materials or labor under that contract. The mere fact that the original owner, holder of the legal or equitable title, afterwards conveyed to either the real owner, or a new purchaser, in no way affected the terms and conditions of the building contract, which remained unchanged throughout the whole period of construction. It therefore follows that no new contract was entered into in the present case and all the terms and conditions of the old contract are in force and effect."

So we say as to the cases in hand. No new contract was entered into and the houses were erected and completed under the original contract between Baker and Peter McCurdy, the latter being the contractor, and this necessarily places the appellee in the position of a subcontractor who cannot recover without complying with the terms of the Act of June 4, 1901, P. L. 431, as to subcontractors filing liens. And assuming the facts to be as stated in the affidavit of defense, it is impossible for us to see how the appellee can sustain its liens. But of course the facts may be different when found by a jury on all of the evidence which the respective parties see fit to offer.

Upon the position (a) taken by the counsel for the appellee we refer to Miller v. Fitz, 41 Pa. Superior Ct. 582, and also Westmoreland Guarantee Building & Loan Assn. v. Connor, 216 Pa. 543.

The assignments of error are sustained and the judgment is reversed with a procedendo.