399 A.2d 386

**TRUSTEES OF C. I. MORTGAGE GROUP, Appellant,**

v.

**STAGG OF HUNTINGTON, INC. (D. C. Goodman & Sons, Inc.), Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 9, 1979.

Decided March 16, 1979.

Reargument Denied April 16, 1979.

James E. Himes, Huntingdon, for appellant.

William J. Myers, Huntingdon, for appellee.

Before EAGEN, C. J., and ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

LARSEN, Justice.

D. C. Goodman & Sons, Inc., appellee, is a subcontractor which in January of 1973, contracted with the Stagg Contracting Corporation to do certain work on a food supermarket building in Smithfield Township, Huntingdon County. On December 17, 1973, appellee filed a mechanic's lien covering this work. The questions presented in this appeal are (1) is the lien valid, and (2) if the lien is valid, does it have priority over appellant's mortgage lien. The facts of the case are as follows.

Stagg of Huntington, Inc. (hereinafter Stagg) was the owner of a parcel of land in Smithfield Township which it

desired to develop for use as a shopping center. Appellant, Trustees of C. I. Mortgage Group, committed itself to lend $1.6 million dollars to finance the venture, secured by an advance money mortgage, which mortgage was recorded on September 24, 1971. Seven separate advances totalling one million dollars were to be made upon completion of seven stages of construction (i. e., foundations completed, steel erected, partitions completed, etc.). Further, appellant agreed to advance an additional $600,000 upon proof by Stagg that they (Stagg) had entered into a lease with a "national food chain."

On September 24, 1971, Stagg and the general contractor for the shopping center, Stagg Contracting (hereinafter Contractor), executed and filed with the Huntingdon County prothonotary a stipulation against mechanic's liens, pursuant to the Mechanic's Lien Law, Act of August 24, 1963, P.L. 1175, No. 497, Art. IV, § 402, 49 P.S. § 1402 (1965). The stipulation provided:

WHEREAS, STAGG CONTRACTING CORPORATION, 499 North Broadway, North White Plains, New York, Contractor, entered into a contract with STAGG OF HUNTINGTON, INC., Owner, to provide materials and perform labor necessary for the erection and construction of a shopping center upon a certain lot of ground situate in Smithfield Township, Huntingdon County, Pennsylvania at the corner of Sycamore Lane and relocated channel of Crooked Creek, the same being more particularly described in the Deed of Kevmar Properties, Inc. dated August 31st, 1971 and recorded September 1st, 1971 in the Office of the Recorder of Deeds in and for Huntingdon County in Deed Book "98", Page "512".

NOW THEREFORE, it is hereby stipulated and agreed by and between the said parties as part of the said contract and for the consideration set forth therein, that neither the undersigned contractor, any subcontractor or material-man, nor any other person furnishing labor or materials to the said contractor under this contract shall file a lien, commonly called a Mechanics' Lien, for work done or

materials furnished to the said building or any part thereof.

On April 18, 1974, appellant obtained a default judgment against Stagg in a mortgage foreclosure action and the property was sold at a sheriff's sale for $1,488,000. The sheriff posted a statement of proposed distribution allocating all proceeds of the sale (after payment of costs and taxes) to appellant. Appellee, asserting its mechanic's lien, filed exceptions to the proposed distribution and a hearing was held in the Court of Common Pleas of Huntingdon County. That court sustained appellee's exceptions and directed the mechanic's lien (in the amount of approximately $37,000) be paid from the proceeds of the property sale.

C. I. Mortgage appealed to the Superior Court which affirmed in a four-to-three decision. 247 Pa.Super. 336, 372 A.2d 854 (1977) (opinion by Watkins, J.; Price, J. concurring in the result; Spaeth, J., dissenting, joined by Jacobs and Hoffman, JJ.). On June 21, 1977, this Court granted appellant's petition for allowance of appeal.

The Mechanic's Lien Law, *supra,* 49 P.S. § 1402 provides, in relevant part:

A written contract between the owner and contractor or a separate written instrument signed by the contractor, which provides that no claim shall be filed by anyone, shall be binding; but *the only admissible evidence thereof,* as against a subcontractor, *shall be* proof of actual notice thereof to him . . . . or *proof that such contract or separate written instrument was filed in the office of the prothonotary prior to the commencement of the work* . . . indexed in the name of the contractor as defendant and the owner as plaintiff and also in the name of the contractor as plaintiff and the owner as defendant . . (Emphasis added).

As there was no proof that appellee had actual notice of the lien, appellant relies on the constructive notice provisions of the Mechanic's Lien Law (italicized above).

■ Since the stipulation herein was properly executed and filed, and was a matter of public record, appellee is deemed to have had constructive knowledge of the stipulation. This knowledge renders appellee's subsequently filed mechanic's lien invalid *unless* the description of the property contained in the stipulation was insufficient to reasonably place appellee on notice as to the construction covered by the stipulation. Without such notice, it would be unfair to find the appellee had constructive knowledge that the stipulation applied to the building upon which appellee had contracted to work. *See Cribbs v. McDowell*, 48 Pa.Super. 39 (1911). A stipulation against mechanic's liens "should contain such information or reference to such facts as would notify a subcontractor that the building for which he was about to furnish material was that to which the [stipulation] related. . . ." *Id.* at 41.

In the instant case, the stipulation described the property to which it applied as a shopping center located on a "certain lot of ground" in Smithfield Township at the corner of Sycamore Lane and relocated channel of Crooked Creek. The stipulation then incorporated by reference the *exact* description of the property contained in the "Kevmar Properties" deed and set forth the county recorder's office deed book and page reference for that deed.[1]

■ This description certainly contains information and reference to facts sufficient to place a reasonably diligent subcontractor on notice as to which property is covered by the stipulation. Appellee contracted to work on a building in the shopping center located on that property and should have known, therefore, that the stipulation applied to that building, especially since the stipulation did not purport to limit its applicability to anything less than the *entire* shopping center project. Thus, "it cannot be maintained that the stipulation did not adequately notify appellee that its work would be governed by the stipulation" 247 Pa.Super. at 342, 372 A.2d at 857 (Spaeth, J., dissenting).

1. While the Kevmar Properties deed itself was not submitted in evidence, that deed's description of the lot is recited in the mortgage which *was* introduced and placed in the record.

In deciding that the stipulation against mechanic's liens did not bar assertion of appellee's claim, the Superior Court, almost in passing,[2] held that the appellee would have been "justified in believing" that it could file a valid lien, "especially [because] the original stipulation against liens did not include a plan for a food market which was added to the stipulation some 8 months after the subcontractor began its work." *Id.*, 247 Pa.Super. at 340, 372 A.2d at 857.

■ Judge Spaeth's dissenting opinion cogently points out the flaws in this reasoning. First and foremost, neither appellant nor Contractor "added" any plan for a food market to the stipulation at any time before or *after* the subcontractor began its work. This fact is irrelevant, however, as there is *no requirement* that stipulations against mechanic's liens contain such plans, nor that the stipulations be revised to indicate changes in such plans. All that is necessary is that the description in the stipulation reasonably notify the subcontractor as to what property and buildings are covered, which, as we have seen, the stipulation in this case had done.[3]

■ Additionally, the Superior Court majority perceived the stipulation against liens as invalid because, prior to commencement of work by the subcontractor, Stagg (the owner) had sold the property to another party. We held, in

---

**2.** Most of the majority opinion dealt with the issue of priorities of liens. As Judge Spaeth noted, the analysis of the question of priorities was inappropriate.

**3.** Furthermore, the Superior Court's statement about the stipulation and the plan is factually erroneous. The words "Riverside Food Market," identify a building in the shopping center on a revised plan dated "8/31/72." Appellee testified that it began work on January 2, 1973. Thus, the building was added to the plan some four months *prior* to commencement of work by the appellee, and *not* some eight months after, as stated by the majority below. Moreover, the original architect's plan, dated "3/4/71" included a notation "future building" indicated by dotted lines. The revised "8/31/72" plan fleshed out this "future building", indicating, in the same place on the plan, "Riverside Food Market" and "Small Stores." Therefore, although the building appellee worked on was not labelled "food market" on the original plan, that plan indicated there was to be some building there, as well as its general size and its location.

*Felin v. Locus Realty Co.*, 232 Pa. 123, 81 A. 158 (1911) that an intervening sale was of no consequence on the issue of validity of a stipulation against liens since the subcontractor is required to search the public records against the contractor, as well as the owner. *See* Mechanic's Lien Law, *supra,* 49 P.S. § 1402. Since appellee entered into its contract with Contractor it was bound to search the public records for stipulations filed against it (Contractor). Had it done so, appellee would have found the stipulation against mechanic's liens.

 The majority opinion of Superior Court seeks to distinguish *Felin,* however, on the grounds that "[i]n our case the search would have revealed the written agreement [that the loan agreement between appellant, C. I. Mortgage, and Stagg] and the absence of C. I. Mortgage's [appellant's] written permission for the sale." 247 Pa.Super. at 340, 372 A.2d at 857. The majority found that the sale by Stagg without appellant's permission was a breach of the underlying loan agreement and that, therefore, the last advance of $600,000 was non-obligatory. That is, as a breach of the loan agreement had occurred, appellant was relieved of its contractual obligation to advance the $600,000.[4] According to the Superior Court majority reasoning, the stipulation against mechanic's liens is invalid as applied to non-obligatory advances.

We disagree, and adopt the analysis set forth in Judge Spaeth's dissenting opinion:

Thus the majority suggests that a persistent subcontractor may go behind the notice held good in *Felin,* and by investigating an underlying mortgage agreement and possible breaches of it, create for himself the possibility of

4. Where non-obligatory advances are made pursuant to an advance money mortgage, and a valid lien intervenes between the giving of the mortgage and the making of the advance, the date of the encumbrance created by the advance is the actual date of that advance, as opposed to obligatory advances which, for priority purposes, would be deemed to relate back to the date of the mortgage. *See Housing Mortgage Corp. v. Allied Constr., Inc.,* 374 Pa. 312, 97 A.2d 802 (1953).

filing a valid mechanic's lien despite the effectiveness of the stipulation against liens. This suggestion confuses the question of the effectiveness of the stipulation with the question of priorities. . . . One can only argue about priorities if one has a lien; and one cannot have a lien if the stipulation precludes it.

For the foregoing reasons the lien asserted by appellee is invalid because of the stipulation against mechanic's liens. Since appellee is precluded from asserting its claim, it is therefore unnecessary to reach the issue of lien priorities.

The order of the Superior Court is reversed and the case is remanded to the Court of Common Pleas of Huntingdon County for proceedings consistent with this opinion.

O'BRIEN, J., did not participate in the consideration or decision of this case.