## Cole Lumber and Supply Company, Appellant, v. Beck et al.

Argued April 21, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Russell J. Esler,* for appellant.

*R. A. McCrady,* with him *M. H. Hirschfield,* of *Mc-Crady, Nicklas & Hirschfield,* for appellee.

*Mark R. Craig,* filed a brief Amicus Curiae on behalf of Committee on Indexing of Allegheny County Bar Association.

OPINION BY RENO, J., July 16, 1943:

This is a sci. fa. sur mechanic's lien and the court below, in accordance with the Act of May 22, 1933, P. L. 845, §9, 49 PS §170, entered judgment on the whole record for the owners and against the claimant, a subcontractor.

Robert A. Beck and his wife entered into a written contract with "The Advance Building Company ...... hereinafter called the contractor" for the erection of a dwelling house on land owned by the Becks. It was signed by them and "The Advance Building Company, by Ira J. Reaves". It contained a covenant sufficient, under the Act of June 4, 1901, P. L. 431, §15, as amended by the Act of April 24, 1903, P. L. 297, §1, 49 PS §71, to bar the filing of liens by sub-contractors. It was promptly filed in the office of the prothonotary and was indexed in the "In Rem Judgment Index" at two places. At one place, the "Advance Building Company" was named as defendant and the Becks as plaintiffs and at another place, the Becks were named as defendants and "Advance Building Company" as plaintiff.

After the contract was filed and indexed, appellant offered in writing to supply building materials to "Advance*d* Building Company" for the "Robert A. Beck Job". Subsequently, the materials were delivered and were charged by appellant, as shown by its invoices attached to the mechanic's lien, to "Advance*d* Building Company ...... Robert A. Beck Job". For the un-

paid balance of its bill appellant filed the lien and named "Ira J. Reaves, doing business as Advanced Building Company, Contractor".

The Act of 1901, as amended, supra, provides that the prothonotary shall index no-lien contracts and "make the contractor the defendant and the owner the plaintiff." The Act of May 16, 1935, P. L. 168, 17 PS §1933-34, provides (§1) that in counties of the second class, which includes Allegheny County, the court of common pleas may direct that the judgment index be divided into two parts, "one part of which shall be a general judgment or lien index or docket, and the other part of which shall be an in rem judgment or lien index or docket, on the latter of which shall be entered in order of time, all tax claims and municipal claims required by law to be entered on the judgment or lien index or docket, and all suggestions and averments, writs of scire facias, verdicts, awards and judgments thereon, *all mechanics' liens*, and all writs of scire facias, verdicts, awards, and judgments thereon, all *no lien building contracts*, and such other judgments, liens, or other proceedings as the said court, from time to time, hereafter may order and direct. Such in rem judgment or lien index or docket shall be primarily divided by the locality of the real estate subject to such judgment, lien or other proceedings, *with the name of the individual affected by such judgment, lien, or other proceedings as the owner of the real estate bound thereby entered on such in rem judgment or lien index or docket only under the locality of the real estate subject to such judgment, lien, or other proceedings*, which locality shall hereafter be determined by a certificate which the plaintiff, his attorney, or agent shall file with the said judgment, lien, or other proceedings, showing the exact locality of such real estate." (Italics supplied). The second section provides that, "After the ...... installation of the general judgment or lien index or docket, and the in rem

judgment ...... provided for in this act, the same shall be constructive notice to all persons of the judgments, liens, or other proceedings so as aforesaid indexed thereon, and no person shall be affected with notice of such judgments, liens, or other proceedings hereinbefore required to be indexed on such general judgment or lien index or docket, or on such in rem judgment or lien index or docket, unless the same shall be indexed thereon as herein provided for." Pursuant to the Act, the court of common pleas of Allegheny County entered an appropriate order on July 23, 1935, and the In Rem Judgment Index was established.

It will have been noted that the no-lien covenant was indexed, as required by the Act of 1935, supra, in "the name of the individual affected by such judgment, lien or *other proceedings* as the *owner* of the real estate thereby entered on such in rem judgment or lien index or docket only under the locality of the real estate subject to such lien or other proceeding". That is, it was entered against the Becks, the owners.

But appellant contends that the Act of 1935 did not repeal or amend the Act of 1901. The court below rejected the argument. It held that, "We can not agree with this contention. The provisions of the Mechanic's Lien Act were intended to protect the sub-contractor who had no notice of a no-lien contract and for that purpose it set out what notice was required to bar his right to file a lien. The Act of 1935 in no way contravenes the intent or purpose of the Mechanic's Lien Act. It simply provides another method of giving notice and authorizes a system of indexing which permits the subcontractor more easily, conveniently and quickly to determine all matters of which he is charged with constructive notice. It does not lessen but rather increases his protection."

With this, we agree. So far as counties of the second class are concerned, a no-lien covenant is properly in-

dexed against the name of the owner. To that extent, it may be said that the Act of 1901 has been amended or supplemented by the Act of 1935. The constitutionality of the Act of 1935 was not challenged here or below and we express no opinion upon it. If, as appellant argues, the legislature has, in enacting the Act of 1935, failed to take into account situations where there is a change of ownership between the time of filing the no-lien covenant and the delivery of materials by a subcontractor, the problem is legislative and not judicial.

Further, appellant contends that since the no-lien contract was not indexed against Ira J. Reaves, contractor, as defendant, the claimant's right to file the lien is not barred. It will have been observed that the covenant was also entered against "Advance Building Company," the name of the concern with which the owners dealt as contractor. The appellant also dealt with that concern. Its bid and invoices show appellant doing business with "Advanced Building Company" and not with Ira J. Reaves. According to appellant's replication, Ira J. Reaves did not do business as "Advanced Building Company" and had never secured the necessary certificates authorizing him to do business under that fictitious name. In this vital respect this case differs from *Houser v. Childs,* 129 Pa. Superior Ct. 565, 196 A. 547; for there the contractor had secured the proper certificates. If appellant had searched the records for the name of the party with whom it dealt, had it searched for "Advanced Building Company", and not for Ira J. Reaves, with whom it had no dealings, it would have discovered that the contractor had entered into an agreement with the Becks concerning the very property to which appellant was offering to deliver materials. No point has been made concerning the slight variance between "Advance" and "Advanced Building Company" and we make none. And, since the covenant was entered against Advance

Building Company, the contractor, as defendant, there was substantial compliance with the Act of 1901. The final result is that whatever be the impact of the Act of 1935 upon the Act of 1901, the appellant still had available to it the protection afforded by the latter act.

Judgment affirmed.