## D.M. Sabia and Co. Inc. v. Musikantow

*Robert Thomas Carlton,* for plaintiff.
*Andrew B. Cohn,* for defendants.

BATTLE, *J.,* February 27, 1991—Plaintiff was a subcontractor on a hotel construction project. Plaintiff filed a mechanic's lien claim for amounts allegedly due for work which he performed on the hotel project. Defendants filed preliminary objections to plaintiff's mechanic's lien claim. The preliminary objections were granted by an order of this court dated September 21, 1990. Plaintiff has filed an appeal from the order granting the preliminary objections, thus necessitating this opinion.

The basis of the preliminary objections was that the contract between defendants herein, as the property owners, and the general contractor provided that there would not be any liens filed against the hotel property. Pursuant to the contract, a waiver of liens was filed of record with the Office of Judicial Support of Delaware County on October 5, 1988 and is numbered 89-12660. The waiver of liens which was filed specifies that no mechanics' or materialmen's liens or claims will be filed or maintained against the subject hotel property, either by the general contractor or any of the general contractor's or subcontractor's materialmen or suppliers.

Pennsylvania statutory law provides as follows with respect to the effect on a subcontractor of a waiver of liens signed by a general contractor:

"A written contract between the owner and contractor . . . which provides that no claim should be filed by anyone, shall be binding; but the only admissible evidence thereof, as against a subcontractor, shall be proof of actual notice thereof to him before any labor or materials were furnished by him; or proof that such contract or separate written instrument was filed in the office of the prothonotary prior to the commencement of the work upon the ground or within 10 days after the execution of the principal contract or not less than 10 days prior to the contract with the claimant subcontractor, indexed in the name of the contractor as defendant and the owner as plaintiff and also in the name of the contractor as plaintiff and the owner as defendant. The only admissible evidence that such a provision has, notwithstanding its filing, been waived in favor of any subcontractor shall be a written agreement to the effect signed by all those who, under the contract, have an adverse interest to the subcontractor's allegation." 49 P.S. §1402.

There is no dispute that the waiver of liens was filed. It is apparent that the waiver was filed soon enough to meet the timing requirements of 49 P.S. §1402 to be effective against plaintiff subcontractor herein. The disputes in this matter are whether plaintiff subcontractor had actual notice of the waiver and whether the waiver of liens was indexed properly.

In regard to whether the claimant subcontractor had actual notice of the waiver of liens, defendants reference two paragraphs of the contract between the claimant subcontractor and the general contractor. Those paragraphs are as follows:

"(1) . . . Subcontractor hereby assumes all of (general) contractor's obligations under the contract (between the general contractor and the property owners) and contract documents applicable to the work.

"(14) Subcontractor shall defend, indemnify and hold harmless (general) contractor, (general) contractor's sureties and owner from any lien or claim filed or made by any third person or firm on account of alleged non-payment for labor, materials or services furnished or performed. . . ."

By the terms of the claimant's subcontractor's agreement with the general contractor, the subcontractor assumed all of the general contractor's obligations. This provision gives the claimant subcontractor constructive notice of the waiver-of-liens provision. However, the statute requires actual notice or the necessary filing. Constructive notice is not sufficient, in and of itself.

Paragraph 14 of the subcontractor's agreement with the general contractor references liens filed by any third party. However, this paragraph is ambiguous as to what agreement the term *third person* refers. Paragraph 14 can be read, and most logically is read, to reference the term *third person* to the agreement between the subcontractor and the general contractor and not the agreement between the general contractor and the property owners. Therefore, paragraph 14 would not apply to liens filed by the subcontractor. Since actual notice of the waiver of liens has not been proven, the issue of whether the waiver of liens was properly indexed must be determined.

Counsel for the claimant subcontractor filed an affidavit on September 11, 1990 which indicates that only one of defendants herein was the owner of the subject property and, therefore, the indexing re-

quirements must be reviewed only in regard to the particular alleged owner. However, the affidavit contradicts the claimant's own mechanic's lien claim. The claim was filed against all defendants as the owners or reputed owners of the property. This court will review the indexing of the waiver of liens upon the facts pled by the claimant that all defendants were the owners or reputed owners of the property.

The waiver of liens was indexed as follows:

| Named as Plaintiff | Named as Defendant |
| --- | --- |
| (1) Donald Strang | General Contractor |
| (2) General Contractor | Donald Strang |
| (3) General Contractor | Allen Musikantow |
| (4) General Contractor | PHL Limited Partnership |

Title 49 P.S. §1402 requires the cross-indexing of the owner and the contractor. In the instant case, the general contractor was cross-indexed. However, only one owner was cross-indexed. The claimant subcontractor argues that the waiver of liens is not effective because all owners were not cross-indexed.

In the case of *D.A. Hill v. Edenboro Development Inc.*, 278 Pa. Super. 324, 420 A.2d 562 (1980), it was held that where a subcontractor had dealt exclusively with a general contractor, and the waiver of liens was cross-indexed with respect to the general contractor, the waiver of liens is binding on the subcontractor even if the waiver of liens was not properly cross-indexed as to the owner. Had the subcontractor checked the judgment index under the general contractor's name, the waiver of liens would have been found. Therefore, the Superior Court held that the waiver of liens filed with the prothonotary was binding on the subcontractor. In the case at bar, the subcontractor dealt with the general contractor directly as is evidenced by the

agreement between the general contractor and the subcontractor. The waiver of liens was properly indexed as to the general contractor. If the subcontractor had searched the judgment index, the waiver of liens would have been found. However, by the subcontractor's own deposition testimony no search of the judgment index was ever made.

The reasoning in the *Hill* case has also been used by the courts of this Commonwealth in *Cole Lumber and Supply Co. v. Beck,* 153 Pa. Super. 97, 33 A.2d 534 (1943). In *Cole,* the court held that proper indexing of a waiver of liens as to the general contractor with whom the subcontractor dealt, precluded the subcontractor from maintaining a mechanic's lien.

The claimant subcontractor in the case at bar would have discovered the waiver of liens if it had searched the judgment index under the name of the general contractor with whom it dealt. However, the claimant subcontractor failed to make any search. The application of Pennsylvania case law to the instant matter bars the claimant subcontractor from maintaining a mechanic's lien. Therefore, the preliminary objections filed by the owner/defendants herein to the claimant's mechanic's lien are granted and the mechanic's lien claim is stricken.