## Luchetta v. Kranich

*James F. Menconi,* for plaintiff.

*James V. Fareri,* for defendant.

O'BRIEN, *J.,* July 2, 1991—Defendants George W. Kranich et ux. are the owners of lot no. 14, section no. 3, Briar Crest Woods, Tunkhannock Township, Monroe County, Pennsylvania. On September 22, 1987, defendant homeowners entered into an agreement with defendant GB Associates for the construction of a home on their premises. The contract specified that "contractor shall sign and file a waiver of liens prior to the commencement of any construction." The contract also itemized a schedule of payments to be made by defendant homeowners based upon GB Associates' progression in the construction of the home.

In December 1987, plaintiff Michael Luchetta, t/a Luchetta Homes, entered into an agreement with GB Associates to act as a subcontractor in the construction of the residence. On April 24, 1988,

plaintiff and GB Associates signed a written memorandum indicating the payments to be made by GB Associates to plaintiff, all of which were received by plaintiff except the final installment. The only payments made directly to plaintiff from defendant homeowners were payments for additional work not included in the construction agreement with GB Associates. Upon completion of the home, plaintiff demanded the final installment payment from GB Associates, which payment was refused. Thereafter, plaintiff sought payment from defendant homeowners which was also refused. Subsequently, plaintiff filed a mechanics' lien and defendants filed a motion to strike mechanics' lien claim. After depositions were taken and the submission of briefs and oral argument, the matter is now before us for disposition.

The Mechanics' Lien Law, 49 P.S. §1402, provides in relevant part as follows:

"A written contract between the owner and contractor or a separate written instrument signed by the contractor, which provides that no claim shall be filed by anyone, shall be binding; but the only admissible evidence thereof, as against a subcontractor, shall be proof of actual notice thereof to him before any labor or materials were furnished by him; or proof that such contract or separate written instrument was filed in the office of the prothonotary prior to the commencement of the work upon the ground or within 10 days after the execution of the principal contract or not less than 10 days prior to the contract with the claimant subcontractor, indexed in the name of the contractor as defendant and the owner as plaintiff and also in the name of the contractor as plaintiff and the owner as defendant. The only admissible evidence that such a provision has, notwithstanding its filing, been waived in favor of any subcontractor shall be a written agreement to

that effect signed by all those who, under the contract, have an adverse interest to the subcontractor's allegation." 49 P.S. §1402.

There is no evidence in the case at bar that plaintiff was furnished a copy of the contract between the homeowners and GB Associates prior to supplying any labor or materials. On the contrary, defendant homeowner testified that he may have furnished plaintiff a copy of the contract only after GB Associates stopped paying. (N.T. 21.) Plaintiff testified that the only documents he received prior to commencing work were the specifications and blueprints. (N.T. 61.) Further there is no evidence that any waiver of liens was ever executed by GB Associates or filed of record.

In *Hill v. Edinboro Development Inc.*, 278 Pa. Super. 324, 420 A.2d 562 (1980), our Superior Court held that it is notice of the agreement by the general contractor that no claim shall be filed that prevents a subcontractor from filing a mechanics' lien claim. Since the evidence in this proceeding fails to disclose any such notice to plaintiff prior to commencement of construction, defendant homeowners' motion to strike the mechanics' lien claim is without merit. Finally, we note that plaintiff's testimony concerning work performed in October 1988 (N.T. 55) makes apparent that the lien filed on January 31, 1989 was timely.

## ORDER

And now, July 2, 1991, the motion and amended motion of George W. Kranich and Lynne D. Kranich, his wife, to strike plaintiff's mechanic's lien claim and the rules heretofore issued thereon are dismissed.