FLOORS, INC. d/b/a Creative Touch
Interiors, Appellant

v.

William C. ALTIG and Julie
A. Altig, Appellees.

Superior Court of Pennsylvania.

Argued Nov. 18, 2008.

Filed Jan. 7, 2009.

Eric B. Smith, Norristown, for appellant.

Ryan D. Harmon, Philadelphia, for appellee.

BEFORE: STEVENS, KLEIN, and CLELAND, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the Order entered in the Court of Common Pleas of Chester County on March 19, 2008, sustaining the Preliminary Objections of Appellees William C. Altig and Julie A. Altig (hereinafter "Appellees") and striking the Mechanics' Lien Claim filed by Appellant Floors, Inc., d/b/a Creative Touch Interiors (hereinafter "Appellant"). We affirm.

¶ 2 On December 19, 2007, Appellant filed its Mechanics' Lien Claim for $11,002.00 plus interest for labor and materials related to the installation of flooring at Appellees' newly constructed home located at 100 Jefferson Boulevard, Franklin Township, Chester County, PA 19352. Appellant averred it filed the claim as a subcontractor and had completed the work for which the claim was made on June 22, 2007. Mechanics' Lien Claim at ¶¶ 2, 4. Appellant indicated it had entered into an oral contract with the contractor F. Tropea Building Contractor, LLC and provided formal notice of its intention to file the claim by letter dated November 14, 2007.

Mechanics' Lien Claim at ¶ 5, 7. Appellant further explained that F. Tropea Building Contractor, LLC contracted with the prior owner and developer of the property, Franklin Chase Holdings, LLC who in turn sold the property to Appellees.[1] Mechanics' Lien Claim at ¶ 6.

¶ 3 On February 14, 2008, Appellees filed their Preliminary Objections to the Mechanics' Lien Claim wherein they averred the claim is barred by a Stipulation of Waiver of Liens filed with the Chester County Prothonotary on July 19, 2006, and entered into by Franklin Chase Holdings, LLC, and F. Tropea Building Contractor, LLC, which prevents the contractor, every subcontractor, materialman or any other person furnishing labor or material to the contractor from filing a mechanics' lien for their labor or materials. [Appellees'] Preliminary Objections, at ¶ 2. Appellees noted that the Stipulation of Waiver Liens was properly filed before Appellant began work at Appellees' home so that Appellant was on record notice it could not seek mechanics' lien relief. [Appellees'] Preliminary Objections, at ¶ 5. In addition, Appellees also asserted that as they obtained the property for valuable consideration from the developer on October 5, 2007, which was after the June 22, 2007, date on which Appellant claimed it last furnished material and before the lien was filed on December 19, 2007, the lien has been "wholly lost" and must be dismissed with prejudice pursuant to 49 P.S. § 1303. [Appellees'] Preliminary Objections, at ¶ 7–8. Appellees attached an unexecuted copy of the Stipulation of Waiver Liens to their Preliminary Objections as Exhibit "A".

¶ 4 In response to Appellees' Preliminary Objections, Appellant argued the al-

---

1. Appellees purchased the property from Franklin Chase Holdings, LLC on October 5, 2007.

leged Stipulation of Waiver of Liens attached thereto had not been executed and is therefore invalid. [Appellant's] Response to [Appellees'] Preliminary Objections at ¶ 2. Moreover, Appellant also asserted the 2006 Amendments to the Pennsylvania Mechanics' Lien Law of 1963, 49 P.S. § 1101, *et seq.* apply to the work at issue, it did not waive its right to a lien in any manner permitted by 49 P.S. § 1401(a)(2),[2] and as the lien is for the erection and construction of a new improvement, not an alteration and repair, 49 P.S. § 1303(c)[3] is inapplicable.[4]

¶ 5 The trial court filed its Order on March 19, 2008, sustaining Appellees' Preliminary Objections and striking Appellant's Mechanics' Lien Claim. In a footnote attached thereto, the trial court noted Appellant did not deny the stipulation had been filed and indexed and, therefore, admits the allegations in Appellees' Preliminary Objections averring as much. The trial court further noted it had reviewed the file in the Court of Common Pleas of Chester County at No. 06–06226 wherein it found the entire Stipulation of Waiver of Liens which included the final page that had been omitted from the copy attached as Exhibit "A" to Appellees' Preliminary Objections. This page revealed Franklin Chase Holdings, LLC and F. Tropea Building Contractor, LLC through their duly authorized representatives, had executed the stipulation.

¶ 6 The trial court also noted that Appellant's assertion a subcontractor can be barred from asserting a mechanics' lien claim only if the subcontractor has waived its right to file such a claim pursuant to § 401(a)(2) of the Mechanics' Lien Law, 49 P.S. § 1401(a)(2), would render § 402 of the Mechanics Lien Law, 49 P.S. § 1402, mere surplusage, as the latter section deals only with the effect on a subcontractor of a waiver by a contractor and provides that under circumstances which the trial court deemed to be present in the within matter, "a duly executed, filed and indexed written document can serve to bar the filing of a mechanics' lien claim by a subcontractor." *See* Trial Court Order, filed March 19, 2008, n. 1.

¶ 7 On April 9, 2008, Appellant filed a timely Notice of Appeal, and on that same date the trial court ordered Appellant to file a concise statement of errors com-

---

**2.** 49 P.S. § 1401(a)(2) provides:

§ 1401. Waiver of lien by claimant
(a) Residential buildings.
(2) (i) A subcontractor may waive his right to file a claim against property for the erection, construction, alteration or repair of a residential building, in which the total contract price between the owner and the contractor is less than one million dollars ($1,000,000), by a written instrument signed by him or by any conduct which operates equitably to· estop him from filing a claim.
(ii) A subcontractor may waive his right to file a claim against the property, irrespective of the contract price between the owner and the contractor, of a residential building by a written instrument signed by him or by any conduct which operates equitably to estop him from filing a claim, provided the contractor has posted a bond guaranteeing payment

for labor and materials provided by subcontractors.

**3.** This section is entitled "Lien not allowed in certain cases" and Subsection (c) reads as follows: "Conveyance prior to lien. If the property by [sic] conveyed in good faith and for a valuable consideration prior to the filing of a claim for alterations or repairs, the lien shall be wholly lost." 49 P.S. § 1303(c).

**4.** The 2006 Amendments to the Mechanics' Lien Law became effective January 1, 2007. In its brief, Appellant contends that as the oral contract between it and F. Tropea Building Contractor, LLC had been entered into during the spring of 2007, the 2006 Amendments are applicable to the work performed because such amendments apply to all contracts entered into on or after January 1, 2007. Brief for Appellant at 8, n. 4.

plained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed its Concise Statement of Matters Complained of on Appeal on April 28, 2008.

¶ 8 In his brief, Appellant presents the following Statement of Questions Involved:

A. Where all other statutory requirements are met, may a subcontractor file a mechanics' lien where the subcontractor did not waive its lien rights as provided by law?

B. When sustaining preliminary objections seeking to strike a mechanics' lien, may a trial court take judicial notice of a document outside of the record and rely upon that document as a basis for striking the lien?

C. Where a lien claimant provides labor and materials for the erection and construction of a residential dwelling, and the property was conveyed prior to the claimant filing its mechanics' lien, may the lien be filed against the property and subsequent owners?

Brief for Appellant at 4.

¶ 9 Our standard and scope of review of the within matter is as follows:

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit,

preliminary objections will be sustained only where the case is free and clear of doubt.

*Cornerstone Land Development Co. of Pittsburgh LLC v. Wadwell Group,* 959 A.2d 1264, 1266–1267 (Pa.Super.2008) (citations omitted).

■ ¶ 10 Appellant first avers it did not waive its lien rights under the Mechanics' Lien Law. In support of this theory, Appellant contends Sections 1401(a)(2)(i) and (ii) of the Law provide the only two means through which a subcontractor may waive its lien rights: by written agreement signed by a subcontractor or by the contractor posting a bond. Brief for Appellant at 10. Appellant further claims that Section 1402 of the Mechanics' Lien Law, as modified under the 2006 Amendments, is specifically qualified by the requirements of Section 1401 as it states, "[p]rovided lien rights may be waived as set forth under section 401 FN1, a written contract between the owner and a contractor, or a separate written instrument signed by the contractor, which provides that no claim shall be filed by anyone, shall be binding: . . ." 49 P.S. § 1402(a) FN1 49 P.S. § 1401.[5] Appellant concludes that "[i]n other words, under the 2006 Amendments in order for a contractor's waiver to be enforceable as against its subcontractor, the subcontractor must have waived its lien rights in accordance with the requirements of section 1401(a)(2)." Brief for Appellant at 10–11. Appellant theorizes the 2006 Amendments would be rendered meaningless if the Mechanics Lien Law were interpreted to continue to allow general contractors to independently waive the lien rights of subcontractors, as prior to the 2006 Amendments, Section 1402 did not state what it terms the limiting phrase: "Provided lien rights may be waived as set

---

5.  The entire text of this Section is reprinted on page nine, *infra.*

forth under section 401, ...," and that phrase must be read as intending to qualify Section 1402(a) with the specific provisions of Section 1401, because a failure to do so would "render the entire amendment to Section 1402(a) mere surplusage and make the amended language totally inoperative." Brief for Appellant at 12.

¶ 11 In response, Appellees argue that the 2006 Amendments do not apply to the instant matter because the Stipulation of Waiver of Liens was recorded in July 2006, prior to the January 1, 2007, effective date of those amendments. Brief for Appellees at 7. Appellees explain it is without question that both the underlying contract between the general contractor and the owner and the Stipulation of Waiver of Liens were entered into prior to 2007. Brief for Appellees at 7–8. Noting that the trial court did not specifically address the non-applicability of the 2006 Amendments in its May 22, 2008, Opinion, Appellees aver that even if those amendments do apply to the instant matter, the amended 49 P.S. § 1401 establishes the means by which a contractor or subcontractor may waive its right to file a mechanics' lien claim on its own behalf, while 49 P.S. § 1402 establishes the means through which a contractor may waive the rights of its subcontractor to file a mechanics' lien claim and the way in which such waiver shall be proven. Brief for Appellees at 10.

¶ 12 This Court recently articulated the standard for statutory construction in *Stivason v. Timberline Post and Beam Structures Co.*, 947 A.2d 1279, 1281–1282 (2008) (emphasis added) as follows:

The rules set forth in the Statutory Construction Act of 1972 ("SCA") guide our present inquiry. 1 Pa.C.S.A. § 1501 *et seq.* The SCA instructs that "the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S.A. § 1921(a). Further, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). When, however, the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering other matters. 1 Pa.C.S.A. § 1921(c). "Words and phrases shall be construed according to the rules of grammar and according to their common and approved usage[.]" 1 Pa.C.S.A. § 1903(a). If the General Assembly defines words that are used in a statute, those definitions are binding. *Commonwealth v. Kimmel*, 523 Pa. 107, 565 A.2d 426, 428 (1989). Under the SCA, a court may presume that in drafting the statute, the General Assembly intended the entire statute to be effective. 1 Pa.C.S.A. § 1922. **Thus, when construing one section of a statute, courts must read that section not by itself, but with reference to, and in light of, the other sections.** *Commonwealth v. Mayhue*, 536 Pa. 271, 639 A.2d 421, 439 (1994).

¶ 13 Herein, Subsections (a)(2)(i) and (ii) of Section 1401 reference contract prices between the "owner" and the "contractor." 49 P.S. § 1201 defines the term "owner" when used in the Act as "an owner in fee, a tenant for life or years or one having any other estate in or title to property." 49 P.S. 1201(3) The terms "contractor" and "subcontractor" are also defined therein, and have distinct definitions which read in pertinent part as follows:

(4) **"Contractor"** means one who, by contract with the owner, express or implied, erects, constructs, alters or repairs an improvement or any part thereof or furnishes labor, skill or su-

perintendence thereto; or supplies or hauls materials, fixtures, machinery or equipment reasonably necessary for and actually used therein; or any or all of the foregoing, whether as superintendent, builder or materialman. . . .

(5) "**Subcontractor**" means one who, by contract with the contractor, or pursuant to a contract with a subcontractor in direct privity of a contract with a contractor, express or implied, erects, constructs, alters or repairs an improvement or any part thereof; or furnishes labor, skill or superintendence thereto; or supplies or hauls materials, fixtures, machinery or equipment reasonably necessary for and actually used therein; or any or all of the foregoing, whether as superintendent, builder or materialman. . . .

49 P.S. § 1201(4) & (5).

¶ 14 Arguably, then, the term "contracts" as it is used in the Historical and Statutory Notes to Section 1401 which read "Section 4 of 2006, June 29, P.L. 210, No. 52, effective January 1, 2007, [t]he amendment or addition of sections 201(14), 401 and 402 of the act shall apply to contracts entered into on or after the effective date of this section" concerns the contract which the contractor, F. Tropea Building Contractor LLC, entered into with then owner, Franklin Chase Holdings, LLC. Were this the case, the 2006 Amendments would not be applicable herein, nor would be the prefatory passage to Section 1401(b)(1) upon which Appellant relies. Indeed, Appellant admits in its brief that "[p]rior to the 2006 Amendments to the Mechanics' Lien Law, general contractors could undoubtedly waive the lien rights of their subcontractors by merely signing a waiver of liens in favor of the owner of the property." Brief for Appellant at 11.

¶ 15 To the contrary, assuming, *arguendo*, that the 2006 Amendments are applicable herein, we disagree with Appellant's claim that they "would be rendered meaningless if the Mechanics' Lien Law is interpreted to continue to allow general contractors to independently waive the lien rights of their subcontractors." Brief for Appellant at 11. Section 1402(a) reads as follows:

§ 1402. **Waiver by contractor; effect on subcontractor (a) General rule.**— Provided lien rights may be waived as set forth under section 401, FN1 a written contract between the owner and a contractor, or a separate written instrument signed by the contractor, which provides that no claim shall be filed by anyone, shall be binding: but the only admissible evidence thereof, as against a subcontractor, shall be proof of actual notice thereof to him before any labor or materials were furnished by him; or proof that such contract or separate written instrument was filed in the office of the prothonotary prior to the commencement of the work upon the ground or within ten (10) days after the execution of the principal contract or not less than ten (10) days prior to the contract with the claimant subcontractor, indexed in the name of the contractor as defendant and the owner as plaintiff and also in the name of the contractor as plaintiff and the owner as defendant. The only admissible evidence that such a provision has, notwithstanding its filing, been waived in favor of any subcontractor, shall be a written agreement to that effect signed by all those who, under the contract, have an adverse interest to the subcontractor's allegation.

FN1 49 P.S. § 1401.

49 P.S. § 1402(a).

¶ 16 Clearly, this section acknowledges that "lien rights may be waived as set forth under section 401" and goes on to provide that "a written contract between

the owner and a contractor, **or a separate written instrument signed by the contractor, which provides that no claim shall be filed by anyone, shall be binding ...**" Thus, Section 1402 makes clear that lien rights may be waived pursuant to Section 1401 **and** under the circumstances set forth therein. Moreover, Section 1402 is entitled "Waiver by contractor; effect on subcontractor," which itself refutes Appellant's claim that "the 2006 Amendments would be rendered meaningless if the Mechanics' Lien Law is interpreted to continue to allow general contractors to independently waive the lien rights of their subcontractors." Brief for Appellant at 11. As such, we will next determine whether the Stipulation of Waiver of Liens properly waived any claim Appellant may make herein.

¶ 17 In its Mechanics Lien Claim, Appellant averred that as a subcontractor, it is entitled to payment for labor and materials associated with Appellees' property. In their Preliminary Objections thereto, Appellees responded that the claim is barred by a Stipulation of Waiver of Liens, a copy of which it purported to attach to the pleading but which copy did not include a signature page. On appeal, Appellant contends the trial court erred in taking judicial notice of the Stipulation of Waiver of Liens recorded in the Chester County Prothonotary's Office because it constituted a document outside of the record and served as the court's basis for striking the lien.

¶ 18 "A court may take judicial notice, whether requested or not," and "[j]udicial notice may be taken at any stage of the proceeding." Pa.R.E. 201(c) & (f). Moreover, "[a] judicially noted fact must be one not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to

sources whose accuracy cannot reasonably be questioned." Pa.R.E. 201(b).

Judicial notice is intended to avoid the formal introduction of evidence in limited circumstances where the fact sought to be proved is so well known that evidence in support thereof is unnecessary, but should not be used to deprive an adverse party of the opportunity to disprove the fact. When considering preliminary objections in the nature of a demurrer, a court must severely restrict the principle of judicial notice, as the purpose of a demurrer is to challenge the legal basis for the complaint, not its factual truthfulness. *220 Partnership v. Philadelphia Electric Company*, 437 Pa.Super. 650, 650 A.2d 1094, 1096 (1994) (citations omitted). In *220 Partnership*, we held that it was error for the trial court to take judicial notice of a federal bankruptcy court's findings to sustain preliminary objections where the existence of a factual dispute concerning ownership of the relevant property was not apparent on the face of the complaint. Reversing the trial court, we held:

a court may not ordinarily take judicial notice in one case of the records of another case, whether in another court or its own, even though the contents of those records may be known to the court. The general rule against taking judicial notice when considering preliminary objections in the nature of a demurrer is subject to limited exceptions. It is appropriate for a court to take notice of a fact which the parties have admitted or which is incorporated into the complaint by reference to a prior court action.

*Styers v. Bedford Grange Mut. Ins. Co.*, 900 A.2d 895, 898–899 (Pa.Super.2006).

¶ 19 Herein, Appellees intended to incorporate the Stipulation of Waiver of Liens

filed in the Chester County Court of Common Pleas under docket number 06–06226 as an exhibit to their Preliminary Objections but inadvertently failed to include its signature page. Brief for Appellees at 11. While the exhibit contained only four pages, the document filed with the Prothonotary consisted of five pages, the second of which included the date of execution and the signatures of the parties to the stipulation–Franklin Chase Holdings, LLC and Appellant. In support of its decision to review the original Stipulation of Waiver of Liens, the trial court explained that "because the validity and effect of the stipulation was [sic] at issue, rather than rely on the exhibit to the preliminary objections, we examined the original document filed with the Prothonotary." Trial Court Opinion, filed 5/22/08 at 2. As the trial court's determination of Appellees' Preliminary Objections depended upon the stipulation's authenticity, we find the trial court prudently sought to review the original Stipulation of Waiver of Liens and properly took judicial notice of it prior to sustaining Appellees' Preliminary Objections.

■ ¶ 20 Upon our review of the stipulation, we note the first page reads as follows:

### Stipulation of Waiver of Liens

WHEREAS, FRANKLIN CHASE HOLDINGS, LLC, of P.O. Box 448, Glen Mills, Pennsylvania 19342 ("Owner"), entered into a contract on or about June 29, 2006[,] with F. Tropea Building Contractors, LLC (Contractor) to provide materials and perform labor necessary for the construction of public improvements and single family dwellings located upon a lot of ground identified as "Franklin Chase", in the Townships of Franklin and New London, Chester County, Pennsylvania (hereafter the "Property") as per the legal description

attached hereto as Exhibit "A" and the list of Tax Map Parcel Numbers attached hereto as Exhibit "B".

NOW THEREFORE, it is hereby stipulated and agreed by and between the said parties, as part of the said contract and for the consideration therein set forth, that neither the undersigned contractor, nor any sub-contractor or material man, nor any other person furnishing labor or materials to the said contractor under this·contract shall file a lien, commonly called a mechanic's [sic] lien, for work done or materials furnished to the said building or any part thereof.

The Owner is executing this Waiver of Liens in order to comply with the Mechanic's [sic] Lien Law.

The parties agree that no work has commenced on the Property and further that no work will commence until the waiver of liens is properly filed with the County Prothonotary in accordance with the Mechanic's [sic] Lien Law.

This stipulation is made and intended to be filed with the County Prothonotary in accordance with the requirements of Section 1402 of the Mechanic's [sic] Lien Law of 1963 of the Commonwealth of Pennsylvania in such case provided.

See [Appellees'] Preliminary Objections, Exhibit "A."

¶ 21 The final pages of the stipulation provide a detailed description of the lots included in the Franklin Chase development. Appellant claims Appellees' failure to attach the signature page to their Preliminary Objections has resulted in its being deprived of the opportunity to disprove the stipulation's validity, because "[i]f the Filed Waiver had been attached to [Appellees'] Preliminary Objections, [Appellant] may have identified and addressed additional defects of the Filed Waiver, and in particular the signature page, possibly ren-

dering the Filed Waiver ineffective." Brief for Appellant at 14–15; however, in referring to the stipulation as the "Filed Waiver" Appellant acknowledges the document was properly on file with the Prothonotary. As such, Appellant's objection to the stipulation lay not with the manner in which the same had been indexed but rather with the fact that Appellees attached only four pages and apparently inadvertently failed to attach the signature page of it to their Preliminary Objections. In fact, but for that signature page, nowhere in its brief does Appellant claim the Stipulation of Waiver of Liens which the trial court examined was distinct from that which Appellees attached to their Preliminary Objections.

¶ 22 Moreover, as the trial court notes, F. Tropea Building Contractor, the contractor which executed the stipulation, is the same one with whom Appellant contracted to perform the work on the premises against which the claim has been filed. Trial Court Opinion filed May 22, 2008, at 2. As the stipulation had been properly filed with the Prothonotary's office prior to the time Appellant commenced its work on the premises, and Appellant does not argue to the contrary, we find Appellant knew or should have known that a mechanics' lien waiver had been filed with respect to Appellees' property when it performed the work and provided the labor under its contract with Franklin Chase Holdings, LLC.

¶ 23 Because the Stipulation of Waiver of Liens is vital to the ultimate determination as to whether Appellant has a valid mechanics' lien claim, the trial court's review of the filed copy in the Prothonotary's office allowed it to determine whether the exhibit which had been attached to the Preliminary Objections was a true and correct copy of what had actually been filed. "This document constituted a separate written instrument signed by the contractor as required by the Mechanics' Lien Law of 1963 and this lien waiver is binding on [ ][A]ppellant." *Hill v. Edinboro Development, Inc.,* 278 Pa.Super. 324, 420 A.2d 562, 565 (1980) (internal quotations omitted). Because Appellant had constructive notice of the filing of the Stipulation of Waiver of Liens and since it had been filed before Appellant began any work on Appellees' property, the stipulation is binding on it as well, and we find that the trial court did not err in considering the same.[6]

¶ 24 Order Affirmed.

---

6. In light of this determination, it is not necessary for us to reach Appellant's third argument raised in his brief.