J-A17029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOHN MENKEN D/B/A LINCOLN SERVICE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GCG MANN-HOF CORPORATION D/B/A BIER GARTEN; HEIDE MOSS AND GERALD HOFFMAN | |
| Appellees | No. 2728 EDA 2015 |

Appeal from the Order July 31, 2015
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2011-80036

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                          **FILED AUGUST 19, 2016**

John Menken d/b/a Lincoln Service ("Menken") appeals from the trial court's order granting summary judgment in favor of GCG Mann-Hof Corporation d/b/a Bier Garten ("GCG"), Heidi Moss, and Gerald Hofmann (collectively, "Appellees").  After careful review, we affirm.

This case arises from a dispute regarding work performed by Menken at GCG's principal place of business, located at 141 North Main Street, Telford, Bucks County, PA, 18969 ("the Property").  The work was alleged to have been done pursuant to a verbal contract between Menken and Moss

_____

[*] Retired Senior Judge assigned to the Superior Court.

and Hofmann, on behalf of and for the benefit of GCG. Trial Court Opinion, 11/20/15, at 1.

The trial court set forth the relevant facts and procedural history as follows:

> On May 9, 2011, the Plaintiff, John Menken d/b/a Lincoln Service, filed a claim against Defendants GCG Mann-Hof Corporation d/b/a Bier Garten ("GCG"), Heidi Moss ("Moss"), and Gerald Hofmann ("Hofmann") pursuant to the Mechanic's Lien Law, 49 P.S. § 1101 *et seq*. By order dated July 31, 2015, this Court granted Defendant's motion for summary judgment and dismissed the mechanic's lien. Plaintiff filed a timely notice on August 31, 2015.
>
> GCG is a corporation. Its principal place of business is located at 141 North Main Street, Telford, Bucks County, PA, 18969 ("the Property"). Moss and Hofmann reside at 1980 Allentown Road, Hatfield, PA, 19440. Hofmann is the owner of the property.
>
> The initial mechanic's lien claim was filed *pro se* on May 9, 2011. The claim related to labor and materials alleged to have been furnished pursuant to a verbal contract Menken entered into with Moss and Hofmann on behalf of and for the benefit of GCG for the renovation and reconstruction of the building located on the Property. The work, which included insulation, plumbing, heating, ventilating, electrical, dry wall, doors, windows, suspended ceiling, and gutters, began on November 4, 2008 and ended on January 15, 2011. On August 8, 2011, Defendants filed preliminary objections to the mechanic's lien claim. By Order dated November 17, 2011, the preliminary objections were sustained and the mechanic's lien was dismissed.
>
> On December 8, 2011, Menken, now represented by counsel, filed an "Amended Mechanic's Lien Claim" with regard to the same work, alleged to have occurred over the same period of time, pursuant to the same verbal agreement. On December 27, 2011, Defendants filed preliminary objections to the amended mechanic's lien claim. On April 3, 2012, this Court overruled the preliminary objections. On April 23, 2012, Defendants filed a motion to reconsider the denial of the preliminary objections. That motion was denied on August 22, 2012. On September 21,

2012 Defendants filed a praecipe for rule to file complaint. On October 4, 2012, Menken filed a "Complaint to Obtain Judgment on Mechanic's Lien Claim."

On September 30, 2014, Defendants served Menken with Requests for Admission. On February 27, 2015, Defendants filed a motion for summary judgment pursuant to Pa.R.C.P. § 1035.2 alleging, *inter alia*, that Menken had failed to respond to Defendants' requests for admission and that, as a result, pursuant to Pa.R.C.P. § 4014(b), the requests for admission are deemed admitted. On June 4, 2015, more than eight months after Menken was served with requests for admission and more th[a]n three months after Defendants filed their motion for summary judgment, Menken responded to the requests for admission. Menken did not seek leave of court for additional time to file a response.

Trial Court Opinion, 11/20/15, at 1-2. On July 31, 2015, the trial court granted Appellees' summary judgment motion without argument. Menken filed this timely appeal on August 31, 2015.

Menken provides the following six issues for review:

I. Whether or not the Court erred in ruling that Menken did not provide sufficient evidence that there are genuine issues of material fact arising from the evidence in the record controverting the evidence cited in Appellees' Motion for Summary Judgment and establishing facts essential to Menken's cause of action as required by Pa.R.C.P. § 1035.3(a).

II. Whether or not the Court erred in granting Summary Judgment in favor of Appellees and dismissing the Mechanic's Lien filed by Menken and denying Menken's Petition for Reconsideration based upon Appellees' allegations that the Amended Mechanic's Lien failed to comply with the requirements of 49 P.S. §§ 1502(a)(i); 1503(2); 1201; 1503(8); 1503(5); and 1503(6).

III. Whether or not the Court erred in granting Appellees' Motion for Summary Judgment by ruling that the work performed by Menken failed to qualify as an improvement to the property under the Mechanic's Lien Act as Menken produced documents showing the scope of the work and improvements performed by

- 3 -

Menken and the issue of whether the work qualified as a Mechanic's Lien is a question of fact for trial.

IV. Whether or not the Court erred in not considering Menken's Answers to Interrogatories, Menken's Reply to New Matter, Affidavit in Support of Petition for Reconsideration, Menken's Response to Request for Admissions and the allegations of Menken's Amended Mechanic's Lien claim and Complaint and other pleadings contained in the record in determining whether Menken has produced sufficient evidence of facts to prove his cause of action.

V. Whether or not the Court erred in failing to address whether it was granting Menken's Motion for Summary Judgment on the Complaint fueled by Menken for money damages for work performed or only on the dismissal of Menken's Mechanic's Lien.

VI. Whether or not the Court erred in not reviewing the record in the light most favorable to the non-moving party and in failing to resolve all doubts as to the existence of genuine issues of material facts against the moving party.

Appellant's Brief, 2/5/16, at 5-6.

The standard of review in summary judgment cases is well settled:

The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a nonmoving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts against the existence of a genuine issue of material fact must be resolved against the moving party.

***ToDay's Housing v. Times Shamrock Communications, Inc.***, 21 A.3d

1209, 1213 (Pa. Super. 2011).

Instantly, the trial court entered the order granting summary

judgment based upon the fact that Menken did not file a timely response to

- 4 -

Appellees' request for admissions, and as such, all the points stipulated to in the request were deemed admitted. The trial court detailed the stipulated points.

> In the instant case, as a result of Menken's failure to respond to Defendants' requests for admission in a timely fashion, Menken is deemed to have admitted the following facts[.] [A]ll work performed as alleged in Menken's complaint for mechanic's lien was done for the benefit of GCG. GCG is not the owner of the Property. The Property is owned by Hofmann. Menken had no written or oral contract or agreement with Hofmann for services to be performed at the Property. Menken did not provide a bill for work allegedly performed at the Property to Hofmann, GCG or anyone else prior to the filing of his complaint for mechanic's lien. Menken did not provide Hofmann, Moss, GCG or anyone else with a detailed statement of the kind, character and cost of the work performed, type and cost of material furnished, at any time prior to the filing of Menken's complaint. Menken did not provide Hofmann with a description of any of the alleged improvements to the Property pursuant to 49 P.S. § 1503(8) which requires a mechanic's lien claim to state "such description of the improvement and of the property claimed to be subject to the lien as may be reasonably necessary to identify them." None of the work performed by Menken as alleged in his complaint constituted a new improvement or substantial addition to the existing structure at the Property or created a significant change in its use. The work performed by Menken as alleged in his complaint are a series of individual jobs in the nature of repairs. None of the work performed by Menken at the Property constituted an erection or construction of an improvement or an alteration or repair of an existing improvement rendering it fit for a new and distinct use.

Trial Court Opinion, 11/20/15, at 3-4.

A mechanic's lien is purely a creature of statute, and is only available to a party if the conditions imposed by the legislature are strictly followed. *Murray v. Zemon*, 167 A.2d 253, 255 (Pa. 1960). Moreover, a valid mechanic's lien claim must have a contract as its basis. *Id*. It is well

established that the absence of a contract results in the absence of a lien, and no enforcement proceeding may follow. *Hill v. Edinboro Development, Inc.*, 420 A.2d 562, 567 (Pa. Super. 1980); *Johnson Serv. Co., v. The Fayette Title & Trust Bldg.*, 96 Pa. Super. 543 (1929).

Among the admissions in the request, Menken was deemed to have admitted that he did not have a written or verbal contract with GCG, Moss, or Hofmann. Because Menken failed to respond to Appellees' request for admissions in a timely manner, and was, therefore, deemed to have admitted that no valid written or verbal contract existed, no valid mechanic's lien claim can exist. *Hill*, *supra; Johnson*, *supra*. Therefore, the trial court did not err in granting Appellees' motion for summary judgment.

Menken raises several arguments in his brief rebutting this conclusion. First, he claims that Pa.R.C.P. 4014, governing the procedure underlying requests for admission, is not a bright-line rule, and should not be used when "the rigid application of [the] rule[] does not serve the interests of fairness and justice." *Womer v. Hilliker*, 908 A.2d 269, 276 (Pa. 2006). Menken claims that because discovery was still ongoing, as evidenced by the outstanding notice of deposition for August 11, 2015, and because no trial date had been set, Appellees were not prejudiced by his delayed response. As such, Menken claims, he should not be penalized for failing to follow the time restraints set out in Rule 4014.

While Menken is correct in noting that the Rules of Civil Procedure do consider the notions of fairness and justice, a standard application of Rule

4014 in this case is not inherently unfair to Menken. Rule 4014 states in pertinent part:

> (b) Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within thirty days after service of the request, **or within such shorter or longer time as the court may allow**, the party to whom the request is directed serves upon the party requesting the admission an answer verified by the party or an objection, signed by the party or by the party's attorney…

Pa.R.C.P. Rule 4014(b) (emphasis added). The Rule acknowledges the situation that may arise in which a party submits a request for admissions and the other party must request more time from the judge in order to conduct discovery. What the rule does not permit, however, is a party that simply ignores the request without judicial permission. Therefore, just as Menken argues that Appellees were not prejudiced by his delayed response, Menken was not prejudiced by the request itself, having the opportunity to ask the judge for more time to conduct discovery before responding. We decline to find that a Rule of Civil Procedure can be set aside in the interests of fairness and justice when the party making the claim failed to utilize avenues available within the rule itself.

Menken's second argument is that, even if he was deemed to have admitted everything in the request, it still does not account for the fact that there may have been an implied contract. As such, that is a controverted fact which precludes the entry of summary judgment. Even if that is the case, Menken cannot raise that issue now on appeal when it was not raised

before the trial court. *See Krentz v. Consolidated Rail Crop.*, 910 A.2d 20, 37 (Pa. 2006) (arguments not raised before trial court in opposition to summary judgment cannot be raised for first time on appeal); *McHugh v. Proctor & Gamble*, 875 A.2d 1148, 1151 (Pa. Super. 2005). Not only did Menken not raise this issue at the trial level, he also elected not to raise the argument when he failed to respond to Appellees' request for admissions. As such, we find the issue waived. Pa.R.A.P. 302(a).[1]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2016

---

[1] Given that the lack of a contract is dispositive of this case, we need not reach the remainder of the issues Menken raises on appeal.